TERESA LAMBOY-ITHIER, Plaintiff and Appellant, v. NATIONAL FIRE INSURANCE COMPANY, represented by its attorney in fact and general agent, S. V. L. LIPPITT, Defendant and Appellee.

No. 3845.  Argued March 25, 1926.—Decided May 4, 1926.

R. Rivera Zayas and José S. Alegría for the appellant.  O. B. Frazer and R. Castro Fernández for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an action to recover on an insurance policy wherein the complaint was dismissed. Because of its special circumstances it may be distinguished from the case of Beamud v. Porto Rican & American Ins. Co., ante, page 408.

In the first place, the appellant admits in her brief that she received on the day before the fire a registered letter wherein she was notified of the cancellation of the policy. The

right of the company to cancel the policy at any time, on notice, is based on a clause of the contract worded in the same terms or similar to those of that in the *Beamud Case, supra.*

It is clear that the fire occurred after notice was given, at a time so remote as to make it impossible to hold, as the appellant claims, that the notice was given when the house was in imminent danger of being destroyed. Notice in the *Beamud Case* was given at 6.30 p. m. and a few hours before the fire occurred. Without anything to show in that case that there was any relation or collusion in the facts on the part of the plaintiff and there being some indications by the company to the effect that something might happen after a few hours, that would amount to saying that the danger was more or less imminent or threatening and without giving an opportunity, by reason of the hour at which the notice was given, to go to another insurance company to obtain new insurance.

In the second place, although the court below based its judgment solely on a strict interpretation of the contract, there is evidence of certain suspicious acts that do not present a clean case. About fifteen days prior to the fire the house adjoining that involved herein, which also belonged to the appellant, emitted a strong gasoline odor and for several days it had to be watched by the police. As soon as the police ceased watching it that house took fire which spread and destroyed the adjoining house whose insurance is the object of this suit.

As a question of fact it also appears that Kauffmann was a partner of S. V. L. Lippitt, the general agent of the insurance company, and that Lippitt, after investigating the case himself, ordered the cancellation, authorizing the former by telephone from Mayagüez, where the insured house was located, to give notice canceling the policy in the way in which it was done.

For the foregoing reasons the judgment appealed from must be affirmed.

Justices Wolf and Aldrey concurred in the judgment.